IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JAMIE LYNN STROUD, GDC # 1002415195, | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 3:24-CV-822-WKW [WO] |
| JIMMY ABBOTT, | ) | |
| Defendant. | ) | |

**ORDER**

On December 11, 2024,[1] Plaintiff Jamie Lynn Stroud filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (Doc. # 1.) This action was dismissed on August 20, 2025, because Plaintiff had failed to file a response to Defendant's motion for a more definite statement as ordered. (Docs. # 20, 21.) By Order dated December 17, 2025 ("December 17 Order"), this action was reopened and Plaintiff was directed to file a more definite statement by January 7, 2026. (Doc. # 27.) On January 7, 2026, mail sent to Plaintiff containing the December 17 Order was returned as undeliverable.

[1] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Absent evidence to the contrary, the court must "assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014). Plaintiff dated his complaint "12-11-24." (Doc. # 1 at 10.) Therefore, his complaint is deemed filed on December 11, 2024, even though it was not received and docketed until December 31, 2024.

(Doc. # 28.) Soon thereafter, Plaintiff filed a notice of a change of address. (Doc. # 29.)

Based on Plaintiff's change in address, an Order was issued on January 20, 2026 ("January 20 Order"), directing that another copy of the December 17 Order be sent to Plaintiff at his updated address. (Doc. # 30.) The January 20 Order once again extended the deadline for Plaintiff to file a more definite statement as originally directed back in June 2025 (*see* Doc. # 14) to and including February 10, 2026. (Doc. # 30 at 2.) Alas, Plaintiff failed to respond yet again.

Given Plaintiff's continued failure to file a more definite statement as directed and his apparent lack of interest in pursuing this action, it will be dismissed without prejudice.

A district court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up). The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order,

especially where the litigant has been forewarned, generally is not an abuse of discretion”).

A court’s dismissal under its inherent authority “can be either with or without prejudice to refiling.” *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction “is warranted only upon a ‘clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.’” *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. “A dismissal *without* prejudice, by contrast, doesn’t require a finding of willfulness or bad faith because its consequences are less severe.” *McNair*, 143 F.4th at 1306.

In this instance, Plaintiff has failed to prosecute this action and has not complied with multiple Orders directing him to file a more definite statement. Consequently, this action will be dismissed without prejudice.

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Final Judgment will be entered separately.

DONE this 24th day of February, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE